**FILED**
CLERK, U.S. DISTRICT COURT
9/22/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00468-TJH |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy to Operate an Unlicensed Money Transmitting Business; 18 U.S.C. §§ 1960(a), (b)(1)(A),(B): Operating an Unlicensed Money Transmitting Business; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| SAMVEL GRIGORYAN, aka "Sim," and HAYK MARTIROSYAN, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A. OBJECT OF THE CONSPIRACY

Beginning on a date unknown, but no later than December 2021, and continuing until on or about September 11, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants SAMVEL GRIGORYAN, also known as "Sim," and HAYK MARTIROSYAN, and others known and unknown to the Grand Jury,

1 conspired and agreed with each other to knowingly and intentionally
2 operate an unlicensed money transmitting business affecting
3 interstate and foreign commerce, in violation of Title 18, United
4 States Code, Sections 1960(a), (b)(1)(A), (B).

B. <u>MANNER AND MEANS OF THE CONSPIRACY</u>

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendant GRIGORYAN would operate a money exchange business that advertised, in part, on the website "coinexchange.am," wherein he would offer to buy or sell cryptocurrency and would provide, in exchange, cash less a commission fee.

2. Defendants GRIGORYAN and MARTIROSYAN and others would meet with customers in Los Angeles County and elsewhere to take possession of cash from customers or to provide cash to customers.

3. Defendant MARTIROSYAN would count cash.

4. Defendant MARTIROSYAN would transport cash.

5. Defendant GRIGORYAN would control and operate cryptocurrency wallets through which he would send cryptocurrency to or accept cryptocurrency from customers.

C. <u>OVERT ACTS</u>

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants GRIGORYAN and MARTIROSYAN, and others known and unknown to the Grand Jury, committed the following overt acts, among others, within the Central District of California and elsewhere:

<u>Overt Act No. 1</u>: On August 24, 2023, in Glendale, California, defendant GRIGORYAN and an unidentified man ("UM-1") conducted a $40,000 money exchange (cash for cryptocurrency) for a 5% commission

fee with an individual who, unbeknownst to defendant GRIGORYAN, was a confidential source working for law enforcement ("CS").

<u>Overt Act No. 2</u>:   On August 24, 2023, while conducting the money exchange with CS, UM-1 left the meeting location, picked up defendant MARTIROSYAN, and both went back to the meeting location.

<u>Overt Act No. 3</u>:   On August 24, 2023, while conducting the money exchange with CS, defendant GRIGORYAN introduced CS to defendant MARTIROSYAN, and defendant MARTIROSYAN conversed with CS for the purpose of building a relationship with CS for future money exchange transactions.

<u>Overt Act No. 4</u>:   On August 28, 2023, in Glendale, California, defendants GRIGORYAN and MARTIROSYAN conducted a $60,000 money exchange (cash for cryptocurrency) for a 5% commission fee with CS.

<u>Overt Act No. 5</u>:   On September 6, 2023, in Glendale, California, defendants GRIGORYAN and MARTIROSYAN conducted a $40,000 money exchange (cash for cryptocurrency) for a 5% commission fee with CS.

<u>Overt Act No. 6</u>:   On September 6, 2023, while conducting the money exchange with CS, defendant MARTIROSYAN took possession of $40,000 that CS provided, left the meeting location, drove to a residence in Glendale, California, went inside for approximately six minutes, and then left and drove to a financial institution.

COUNT TWO

[18 U.S.C. §§ 1960(a), (b)(1)(A), (B); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

Beginning on a date unknown, but no later than December 2021, and continuing until on or about September 11, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants SAMVEL GRIGORYAN, aka "Sim," and HAYK MARTIROSYAN, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely, a virtual currency exchange business, that: (1) operated without an appropriate money transmitting license in California, where such operation is punishable as a felony under state law; and (2) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and the regulations thereunder.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count One of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

(a)  all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction of the offense set forth in Count Two of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), any defendant so convicted shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in

6

committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

                                A TRUE BILL

                                /s/
                              Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, & Racketeering
Section

BRITTNEY M. HARRIS
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering, &
Racketeering Section