E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRITTNEY M. HARRIS (Cal. Bar No. 294650)
Assistant United States Attorney
Deputy Chief, International Narcotics,
Money Laundering, and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0488
     Facsimile: (213) 894-0141
     E-mail:    Brittney.Harris@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 23-00468-TJH |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| HAYK MARTIROSYAN, | |
| Defendant. | **CURRENT TRIAL DATE:** 11/14/23<br>**PROPOSED TRIAL DATE:** 01/30/24 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brittney M. Harris, and defendant Hayk Martirosyan ("defendant"), both individually and by and through his counsel of record, George G. Mgdesyan, Esq., hereby stipulate as follows:

1. Defendant first appeared before a judicial officer of the court pursuant to a Criminal Complaint on September 11, 2023. The Indictment was filed on September 22, 2023. The Speedy Trial Act, 18

U.S.C. § 3161, originally required that the trial commence on or before December 1, 2023. Co-defendant Samvel Grigroyan is currently a fugitive.

2. On September 29, 2023, the Court set a trial date of November 14, 2023, at 10:00 a.m. A pretrial conference was subsequently scheduled for October 16, 2023, at 10:00 a.m.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately two days.

4. By this stipulation, defendant moves to continue the trial date to January 30, 2024, at 10:00 a.m., and the pretrial conference to January 9, 2024, at 10:00 a.m. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. §§ 371, 1960: Unlicensed Money Transmitting Business; Conspiracy. The government has prepared discovery for the defense should it be so requested, including reports, recordings, and photographs. To date, the defense has not requested discovery pursuant to Federal Rule of Criminal Procedure 16.

   b. On September 15, 2023, defendant's current counsel substituted in as counsel of record. Defense counsel is presently scheduled to be in the following trials: <u>United States v. Khalatyan</u>, in Case No. 22-00345-DMG, on October 31, 2023; <u>United States v. Hannesyan</u>, Case No. 21-00284-JAK, on November 14, 2023; and <u>United States v. Balint, et al.</u>, Case No. 23-00122-MWF, on January 23, 2024. Accordingly, counsel represents that he will not have the time that

he believes is necessary to prepare to try this case on the current trial date.

   c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   e. The government does not object to the continuance.

   f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of the date of the Court's corresponding order to January 30, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's

finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 10, 2023            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

              /s/ Brittney M. Harris
BRITTNEY M. HARRIS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Hayk Martirosyan's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and

4

agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than January 30, 2024 is an informed and voluntary one.

_____  10/12/23
GEORGE G. MGDESYAN, ESQ.      Date
Attorney for Defendant
HAYK MARTIROSYAN

This agreement has been read to me in Armenian, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 30, 2024.

_____  10-12-23
HAYK MARTIROSYAN              Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, David Yerkanyan am fluent in the written and spoken English and Armenian languages.  I accurately translated this entire agreement from English into Armenian to defendant Hayk Martirosyan on this date.

_____  10/12/23
INTERPRETER                   Date

5